Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000554
23-DEC-2015
12:25 PM

NO. CAAP-15-0000554

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAROL L. MCKENNA, Plaintiff-Appellant,
v.
ASSOCIATION OF APARTMENT OWNERS OF ELIMA LANI,
a Hawaii Nonprofit Corporation, CERTIFIED MANAGEMENT,
GEOFFREY S. KIM, HAWAIIAN ISLE ADJUSTING CO., LLC, a Hawai'i
limited liability company, WELLS FARGO BANK, N.A., ROSS ANDALORO,
Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS,
GOVERNMENTAL and OTHER ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-627K)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION;
AND
(2) ALL PENDING MOTIONS ARE DISMISSED AS MOOT
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff-Appellant Carol L. McKenna's (Appellant McKenna) appeal from the Honorable Melvin H. Fujino's July 2, 2015 "Order Denying Plaintiff's: (1) Motion for Relief from the Order Denying Plaintiff's Evidentiary Hearing, Filed March 17, 2015; (2) Motion for Relief from the Stipulation for Dismissal with Prejudice of All Claims and All Parties, Filed March 24, 2015; and (3) Supplemental Motion for Relief from the Stipulation for Dismissal with Prejudice of All Claims and All Parties, Filed April 28, 2015" (the July 2, 2015 order) because the circuit court has not yet filed an appealable final judgment that resolves all of the claims in this case, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires for an appeal from a civil circuit court case under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

When a party attempts to assert an appeal from a civil circuit court case, HRS § 641-1(a) and HRCP Rule 58 require that such an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

-2-

Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

After a circuit court has entered an appealable final judgment that resolves all claims, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Although, for the purpose of appealability, a separate judgment is usually necessary under HRCP Rule 58 and the holding in Jenkins, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979.

> Clearly, the rule in Jenkins - to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in

-3-

favor of or against the appropriate parties pursuant to HRCP
Rule 58 before an appeal may be taken - is limited to
circuit court orders disposing of claims raised in a circuit
court complaint.

Id. at 159, 80 P.3d at 980. For example, "[a]n order denying a
motion for post-judgment relief under HRCP [Rule] 60(b) is an
appealable final order under HRS § 641-1(a)." Ditto v. McCurdy,
103 Hawai'i at 160, 80 P.3d at 981 (citation omitted). However,
an appealable final judgment is a prerequisite to any order
qualifying as an appealable post-judgment order. For example,
the Supreme Court of Hawai'i recently held that, "[a]bsent an
underlying appealable final judgment, the circuit court's rulings
on a purported [HRCP] Rule 60(b) motion are interlocutory and not
appealable until entry of such a judgment." Bailey v.
DuVauchelle, 135 Hawaii 482, 491, 353 P.3d 1024, 1033 (2015)
(citations omitted).

On October 1, 2015, the circuit court clerk filed the
record on appeal for appellate court case number CAAP-15-0000554,
which does not contain an appealable final judgment that resolves
all claims. Therefore, we lack appellate jurisdiction over
appellate court case number CAAP-15-0000554.

Granted, the circuit court entered a March 24, 2014
judgment in favor of Defendants/Cross-Claim Defendants/Cross-
Claim Plaintiffs/Appellees Geoffrey S. Kim (Appellee Kim) and
Hawaiian Isles Adjusting Co., LLC (Appellee Hawaiian Isles
Adjusting), and against Appellant McKenna as to Appellant
McKenna's first amended complaint. However, the March 24, 2014
judgment is not an appealable final judgment because the
March 24, 2014 judgment neither resolves all claims against all

parties <u>nor</u> does it contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties, as HRCP Rule 54(b) requires for any judgment that does not resolve all claims.

We note that the circuit court's February 6, 2015 order granting Defendants/Cross-Claim Defendants/Cross-Claim Plaintiffs/Appellees Association of Apartment Owners of Elima Lani and Certified Management, Inc.'s November 5, 2014 motion to enforce a settlement agreement was immediately appealable under the collateral order doctrine.[1] <u>See, e.g.,</u> <u>Cook v. Surety Life Insurance, Company</u>, 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995) "[A]n order enforcing a settlement agreement is a collateral order which is appealable."). However, Appellant McKenna did not timely appeal from the February 6, 2015 order under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure. Nevertheless, "[t]he failure to take an immediate appeal from a collateral order does not preclude review of the order on appeal from a final judgment." <u>Hoopai v. Civil Service Commission</u>, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (citation omitted). When and if the circuit court enters an appealable final judgment in this case, then an aggrieved party will be entitled to obtain appellate review of the February 6, 2015 order by way of a timely appeal from the future appealable final judgment.

We additionally note that some of the parties and the

---

[1] "In order to fall within the narrow ambit of the collateral order doctrine, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." <u>Siangco v. Kasadate</u>, 77 Hawai'i 157, 161, 883 P.2d 78, 82 (1994) (citations and internal quotation marks omitted) (original brackets).

Honorable Elizabeth A. Strance entered a May 16, 2015 "Stipulation for Dismissal with Prejudice of All Claims and All Parties; Order" (the May 16, 2015 dismissal order), which purports to be a voluntary stipulation for dismissal with prejudice of all claims and all parties pursuant to HRCP Rule 41(a)(1)(B). As the language of HRCP Rule 41(a)(1)(B) indicates, a stipulation to dismiss must be "voluntary":

> Rule 41. Dismissal of actions.
> (a) <u>Voluntary</u> dismissal: Effect thereof.
> (1) By plaintiff; by stipulation. An action may be dismissed by the plaintiff <u>without order of court</u> (A) by filing a notice of dismissal at any time before the return date as provided in Rule 12(a) or service by the adverse party of an answer or of a motion for summary judgment, or (B) <u>by filing a stipulation of dismissal signed by all parties who have appeared in the action</u>, in the manner and form prescribed by Rule 41.1 of these rules. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.

(Emphases added). Apparently Appellant McKenna refused to voluntarily sign the March 16, 2015 dismissal order, as evidenced by circuit court's having directed the circuit court clerk to sign the March 16, 2015 dismissal order on behalf of Appellant McKenna. Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the federal rule analogous to HRCP Rule 41(a)(1)(B), has been construed to require that "[a] stipulation of dismissal must be voluntary, and a court may not order a party to execute a stipulation of dismissal even if the other party claims that the parties agreed to settle the matter." 8 James Wm. Moore et al., <u>Moores Federal Practice</u> § 41.34[2], at 41-112 (3d ed. 2009) (footnote omitted). In the instant case, the signature of the circuit court clerk on behalf of Appellant McKenna does <u>not</u>

appear to constitute the voluntary signature of Appellant McKenna for a "voluntary" stipulation of dismissal under HRCP Rule 41(a)(1)(B).

Furthermore, despite that HRCP Rule 41(a)(1)(B) expressly requires that a stipulation to dismiss must be "signed by all parties who have appeared in the action[,]" Appellee Kim and Appellee Hawaiian Isles Adjusting did not sign the March 16, 2015 dismissal order.  The absence of signatures by all parties who appeared in the action (including Appellees Kim and Hawaiian Isles Adjusting and Appellant McKenna) means that the March 16, 2015 dismissal order does not comply with the express requirements under HRCP Rule 41(a)(1)(B) for a stipulation to dismiss all claims.  With the signature of the presiding judge, the March 16, 2015 dismissal order appears to be an order of the circuit court that purports to dismiss all claims.

As already stated, "based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment."  Carlisle v. One (1) Boat, 119 Hawai'i at 254, 195 P.3d at 1186.  On October 1, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000554, which does not contain an appealable final judgment.  Because the circuit court has not yet entered an appealable final judgment that, on its face, resolves all claims as to all parties, the July 2, 2015 order is not yet eligible for appellate review, and we lack appellate jurisdiction over appellate court case number CAAP-15-0000554 under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins.  Appellant McKenna's appeal is

-7-

premature, but she will have an opportunity to seek appellate review of the July 2, 2015 order after a final judgment that resolves all claims in this case is entered. Therefore,

IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-15-0000554 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, December 23, 2015.

Chief Judge

Associate Judge

Associate Judge